IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TERRANCE DEBOSE, | Case No. 1:21-cv-02240 |
| Plaintiff, | |
| -vs- | JUDGE DAVID A. RUIZ |
| CUYAHOGA COUNTY, *et al*., | ORDER |
| Defendants. | |

**I. Procedural Background**

**A. Case No. 1:20-cv-727**

Plaintiff Terrance Debose, represented by counsel Paul J. Cristallo, initially filed an action in state court on March 23, 2020 against Cuyahoga County, County Executive Armond Budish, Director Kenneth Mills, Warden Eric Ivey, Sheriff Clifford Pinkney, and Corrections Officers Timothy Dugan, and Nicholas Evans. (Case No. 1:20-cv-727, R. 1-2, PageID# 37). In his original complaint, Plaintiff alleged claims of excessive force in violation of the Fourteenth Amendment, assault and battery, violations of 42 U.S.C. § 1983, and other state law claims. *Id*. Defendants removed the case to federal court on April 3, 2020. *Id.*

On May 28, 2020, after several motions to dismiss were filed by various Defendants, the parties filed Joint Stipulations dismissing Defendants Budish, Mills, Ivey, Pinkney, as well as the

official capacity claims against Budish, Mills, Ivey, Pinkney, Dugan and Evans, without prejudice. (Case No. 1:20-cv-727, R. 6-8, 14-17). On June 3, 2020, the Court dismissed Defendants Budish, Mills, Ivey, and Pinkney, as well as the official capacity claims against Dugan and Evans. (Case No. 1:20-cv-727, R. 19).

Thereafter, on November 24, 2020, the parties filed a Stipulation of Dismissal dismissing the remaining Defendants—Cuyahoga County, Dugan, and Evans—without prejudice. (Case No. 1:20-cv-727, R. 41). The Court dismissed the action without prejudice six days later. (Case No. 1:20-cv-727, R. 41).

**B. The Present Action**

On November 24, 2021, Plaintiff, represented by the same counsel, refiled his action against Defendants Cuyahoga County, County Executive Budish, Director Mills, Warden Ivey, Sheriff Pinkney, Corrections Officers Dugan and Evans, and five unnamed John/Jane Does. (R. 1). In addition, Plaintiff added one new Defendant—George Taylor, Director for the Cuyahoga County Corrections Center. *Id*. at ¶8.

As of May 19, 2022, the docket did not reflect that Plaintiff had served any of the named Defendants as required by the Federal Rules of Civil Procedure, save for Defendant Nicholas Evans, who filed his Answer on February 10, 2022.[1] (R. 6). Therefore, on May 19, 2022, the Court issued a Show Cause Order instructing Plaintiff to show good cause by June 2, 2022, as to why he

---

[1] Plaintiff's counsel was issued original summons for service upon Armond D Budish, Cuyahoga County, Cuyahoga County Council, Timothy Dugan, and Nicholas Evans on February 28, 2022. (R. 9).

2

has failed to serve all remaining Defendants as provided under the Federal Rules of Civil Procedure or face potential dismissal of this action against unserved parties. (R. 11).

Plaintiff failed to respond by the June 2, 2022 deadline. Nevertheless, approximately three months later, on September 8, 2022, Plaintiff served Defendants Timothy Dugan and Cuyahoga County. (R. 12 & 13). Service was executed upon Defendant Budish on September 14, 2022. (R. 14). As of the date of this Order, Plaintiff has not served Defendants Mills, Ivey, Pinkney, or Taylor.

In late September and early October of 2022, Defendants Cuyahoga County, Dugan, and Budish filed separate motions to dismiss based on Plaintiff's failure to timely serve them. (R. 15-17). Defendant Budish additionally argued that the claims against him are barred by the statute of limitations, and alternatively, fail to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (R. 17). Plaintiff received an extension of time to respond to these motions to dismiss. (R. 19).

On November 14, 2022, Plaintiff filed several motions. First, Plaintiff filed a Motion to Dismiss Defendant Budish and all claims against him with prejudice. (R. 20). This motion is GRANTED and all claims raised against Defendant Budish in the Complaint are hereby DISMISSED *with* prejudice. Defendant Budish's Motion to Dismiss (R. 17) is, therefore, DENIED as moot.

Also on November 14, 2022, Plaintiff filed an opposition to the motions to dismiss filed by Defendants Cuyahoga County and Dugan. (R. 22). In addition, Plaintiff filed a Motion for Leave to File a Response to the Court's Show Cause Order, which largely references Plaintiff's oppositions to the motions to dismiss and requests that service obtained upon Defendants Cuyahoga County and Dugan on September 8, 2022 be deemed timely.

On December 5, 2022, Defendant Cuyahoga County filed a reply in support of its motion to dismiss. (R. 25).

## II. Analysis

**A. Service Upon Defendants Cuyahoga County and Dugan[2]**

As noted above, Defendants Cuyahoga County and Dugan were served on September 8, 2022. (R. 12 & 13). Nevertheless, these Defendants assert dismissal is warranted because Plaintiff failed to timely serve them pursuant to Fed. R. Civ. P. 4(m), and Plaintiff cannot establish good cause for his failure. (R. 15 & 16).

> (m) Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff-- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But *if the plaintiff shows good cause* for the failure, the court *must* extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

Fed. R. Civ. P. 4(m) (emphasis added).

First and foremost, Plaintiff undoubtedly failed to timely serve nearly all the Defendants in this action, and failed to take immediate action. While Plaintiff did ultimately serve Defendants Cuyahoga County and Dugan, the attention Plaintiff devoted to this action leaves much to be desired. Nevertheless, to the extent Defendants assert that Fed. R. Civ. P. 4(m) mandates dismissal unless good cause is shown for failure to timely serve, the Court disagrees. Rather the rule states that a court *must* extend the time for service if good cause is shown. The rule does not explicitly state how a court must act where a plaintiff fails to show good cause. The Advisory Committee

---

[2] Because this Court's Order dismisses Defendant Budish with prejudice, the Court omits any discussion related to the timeliness of the service he received.

Notes to subdivision (m) state that: "The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, *and* <u>authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown</u>." (emphasis added). Therefore, courts clearly retain the judicial discretion to make a case by case determination whether dismissal is warranted where a plaintiff fails to timely serve the defendants.

One example given in the Advisory Committee Notes where "[r]elief may be justified, [is] for example, if the applicable statute of limitations would bar the refiled action…."  Given the passage of time in this action and the previously filed action, a dismissal would effectively be with prejudice and leave Plaintiff with no available remedy.

It is axiomatic that public policy favors disposition of cases on their merits. A dismissal for failure to timely serve is arguably akin to a dismissal for want of prosecution. The Sixth Circuit Court of Appeals has held that a court "should balance the favored practice of reaching a disposition on the merits against the 'need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims." *Mason v JP Morgan Chase Bank, NA*, 2015 U.S. App. LEXIS 23015, at *4 (6th Cir., Mar. 16, 2015) (quoting *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993)).

The Court finds prejudice to plaintiff would be significant. The Complaint alleges that Plaintiff, an inmate at the Cuyahoga County jail, "was wrongfully restrained and savagely beaten in the face and head" by Defendants Dugan and Evans while he was in arm and leg restraints. (R. 1, PageID# 3, 8-10). While the veracity of these allegations is no doubt in dispute, there is a strong public policy component to Plaintiff's claim. If Plaintiff's allegations are true, dismissal based on a

5

delay in service, even a significant delay, would frustrate the public's interest in having this matter decided on its merits. Furthermore, the Court finds no real prejudice to Defendants Cuyahoga County and Dugan caused by the delayed service. Both Defendants were served in the original case, and were aware of the allegations therein. Furthermore, Plaintiff's counsel engaged in communications with opposing counsel during the pendency of the existing action, and discussed the possibility of obtaining service waivers. (R. 23-2 & 23-3). The record does reflect whether Plaintiff's counsel ultimately provided Defendants with service waivers of whether Defense counsel made any promises with respect to such waivers. The significance of the communications between opposing counsel is that Defendants, via counsel, were clearly put on notice of the pending action. While the Court does not condone Plaintiff's counsel's delay in ensuring service, the Court finds dismissal of the claims against Defendants Cuyahoga County and Dugan would be an extreme sanction under the facts and circumstances of this case .

Therefore, Defendant Cuyahoga County and Defendant Dugan's Motion to Dismiss (R. 15 & 16) are hereby DENIED. These Defendants are further ORDERED to file their Answers within 21 days of the Court's Order.

**B. Lack of Service Upon Defendants Mills, Ivey, Pinkney, and Taylor**

The docket does not show service was ever perfected upon Defendants Mills, Ivey, Pinkney, or Taylor. The docket also does not contain any executed waivers of service from these individuals. Unlike Defendants Cuyahoga County, Dugan, and Budish who were served several months after the Show Cause Order, Plaintiff has apparently opted not to serve these individuals despite having full knowledge that service is lacking. Plaintiff's briefs in response to the motions to dismiss by the other Defendants makes no mention of these Defendants. The Court cannot construe Plaintiff's

inaction with respect to these Defendants as anything other than an abandonment of his claims against them. Therefore, the Court DISMISSES Defendants Mills, Ivey, Pinkney, and Taylor from this action.

### III. Conclusion

For the foregoing reasons, Defendant Cuyahoga County and Defendant Dugan's Motions to Dismiss (R. 15 & 16) are hereby DENIED. Plaintiff's Motion to Dismiss Defendant Budish (R. 20) is GRANTED and all claims raised against Defendant Budish are hereby DISMISSED with prejudice. Therefore, Defendant Budish's Motion to Dismiss (R. 17) is DENIED as moot. Plaintiff's Motion for Leave and Motion for Order (R. 23) is terminated as the issues raised in these motions have been resolved by this Order. Defendants Mills, Ivey, Pinkney, and Taylor are DISMISSED from this action. Finally, Defendants Cuyahoga County and Dugan are hereby ORDERED to file their Answers within 21 days of this Order.

IT IS SO ORDERED.

Date: June 16, 2023

*s/ David A. Ruiz*
DAVID A. RUIZ
UNITED STATES DISTRICT JUDGE